Maria ROSARIO, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 82 C 0155.

United States District Court, E.D. New York.

Oct. 28, 1982.

Irwin B. Silverman, Brooklyn, N.Y., for plaintiff.

---

Raymond J. Dearie, U. S. Atty., Brooklyn, N.Y. (Winstanley F. Luke, Asst. U. S. Atty., Brooklyn, N.Y., Donald A. Gonya, Asst. Gen. Counsel, Randolph W. Gaines, Chief of Litigation, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action under Section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to review defendant's dismissal of plaintiff's request for a hearing on her claim for disability benefits under Title XVI of the Act. Defendant moves to dismiss for lack of subject matter jurisdiction. Plaintiff's cross-motion for a judgment reversing defendant's decision presents matters outside the pleadings and shall therefore be treated as a motion for summary judgment.

Plaintiff filed an application for Supplemental Security Income on August 4, 1980. Defendant denied her application initially and on reconsideration. The written notice of denial on reconsideration, dated January 9, 1981, informed plaintiff that a hearing on her claim would be held only if she requested one within sixty days. Some ninety days later, on April 8, 1981, plaintiff filed a request for a hearing, and a statement which reads:

> I thought that I had already filed for a hearing. I asked the interviewer if this was a fair hearing & he said "yes." I thought that the 1/9/81 letter told me I was going to get a hearing. That is why I didn't come in.

On July 14, 1981, an Administrative Law Judge dismissed plaintiff's request, finding that she had failed to show good cause under 20 C.F.R. §§ 416.1411 and 416.1433(c) for her failure to meet the deadline. Plaintiff, having obtained counsel, requested review by the Appeals Council. Plaintiff's attorney argued that she was unable to read or write English and that a friend had mistranslated the notice of January 9, 1981. The Appeals Council denied her request for

review, ruling that, because she could have obtained an accurate translation at her local Social Security office, she was responsible for mistranslations by translators of her choice. The Appeals Council also noted "[p]arenthetically" that the reports of plaintiff's several interviews at her local Social Security office did not indicate that she was unable to read or write English. Plaintiff then filed this action to review the Appeals Council's decision. Attached to plaintiff's memorandum of law are signed statements by two persons declaring their knowledge of plaintiff's inability to read English.

Defendant urges that Sections 205(g) and (h) of the Act preclude judicial review of the Secretary's denial of plaintiff's request for an extension of time to request a hearing. Section 205(g) provides, among other things, that judicial review is available to "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party...." Section 205(h) states in pertinent part, "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

The Supreme Court, in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), held that Section 205(g) does not authorize review of a refusal by the Secretary to reopen a previously adjudicated claim for benefits. The Court reasoned that the Act does not require a hearing before a decision to reopen and, indeed, that the opportunity to reopen is afforded by the Secretary's regulations and not mandated by statute. *Id.* at 108, 97 S.Ct. at 985–86. The Court also feared that judicial review of denials of requests to reopen would subvert Congress' purpose of forestalling "repetitive or belated litigation of stale eligibility claims." *Id.*

■ Although the point has apparently not yet been addressed by the Court of Appeals for the Second Circuit, other courts have held that the logic of *Sanders* requires preclusion of judicial review of the Secretary's denial of a request to extend the deadline for requesting a hearing. *Watters*

**120**

*v. Harris,* 656 F.2d 234 (7th Cir. 1980); *Correa v. Secretary of Health, Education and Welfare,* 80 CV 1294 (E.D.N.Y., Dec. 16, 1980) (per Sifton, J.). The Secretary's decision in such cases is not made "after a hearing." A claimant's opportunity to seek such an extension is granted by the Secretary's regulations and not mandated by the Act. Moreover, to allow judicial review in such cases would inevitably entail eventual review of stale eligibility claims. It is true that plaintiff seeks judicial review not of the merits of her claim but only of the denial of an extension of time to request a hearing. But in the *Sanders* case the claimant sought to obtain judicial review only of the Secretary's refusal to reopen.

The *Sanders* opinion notes that Section 205(g) does not foreclose judicial review when constitutional claims are presented, 430 U.S. at 109, 97 S.Ct. at 986, but plaintiff raises no constitutional questions in this case. In *Parker v. Califano,* 644 F.2d 1199, 1203 (6th Cir. 1981), the court held that the district court correctly exercised jurisdiction where a claimant presented a colorable argument that she failed to understand and act upon the notice she received because of her mental disability. A denial of benefits based upon this failure, the court ruled, is a denial of due process.

■ Plaintiff's argument that she was unable to read English does not raise a question of constitutional dimensions. Unlike the claimant in *Parker,* plaintiff's inability to understand the notice was readily remediable by obtaining an accurate translation at her Social Security office, and was unrelated to the disability for which she sought benefits.

Plaintiff's complaint is dismissed. So ordered.