**James JACKSON, Plaintiff,**

v.

**Sylvan FRANCIS, et al., Defendants.**

**No. CV 84–0152.**

United States District Court,
E.D. New York.

Oct. 21, 1986.

WEXLER, District Judge.

Plaintiff *pro se* James Jackson, a prisoner who is currently incarcerated in the Ossining Correctional Facility in Ossining, New York, has brought this 42 U.S.C. § 1983 action alleging physical brutality. On October 19, 1984, the Court granted plaintiff's request to proceed *in forma pauperis*. In an Order dated January 14, 1986, the Court denied plaintiff's application for a preliminary injunction and dismissed plaintiff's action as to defendants Department of Correctional Services and Long Island Correctional Facility, but held that Jackson had stated a claim under the Eighth and Fourteenth Amendments against the remaining defendants. In an Order dated May 20, 1986, the Court denied

defendants' motion for summary judgment and granted defendants' motion for a protective order regarding certain personal data and sections of the State of New York Department of Correctional Services Employees' Manual. The Court, however, has declined to grant plaintiff's request that counsel be appointed for him. The Court now feels obligated, in light of the Second Circuit's recent ruling in the case of *Hodge v. Colon*, 802 F.2d 58 (2d Cir.1986), to articulate the reasoning behind its decision not to appoint counsel for plaintiff.

The Second Circuit held in *Hodge* that, while the decision to appoint counsel for indigent civil litigants is a matter left to the trial judge's broad discretion, and while each case must be decided upon its own particular facts, in deciding whether to appoint counsel, the district judge should

> first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the individual's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

at 61–62.

Consideration of the factors delineated in *Hodge* leads the Court to conclude, in its discretion, that counsel indeed need not be appointed for Jackson. Plaintiff's case has met the threshold requirement that it may be of substance, since there is no dispute that an altercation between the parties did take place. Also, as is the situation in many § 1983 cases brought by prisoners, "conflicting evidence implicating the need for cross-examination" will in all likelihood constitute a significant part of the trial. Nonetheless, plaintiff has throughout the course of this litigation demonstrated an ability to investigate the crucial facts, as is evidenced, for example, by his comprehensive request for the production of documents. Furthermore, plaintiff has demonstrated, through his basically well-written and articulate correspondence with the Court during pretrial proceedings and his handling of motion practice, that he possesses an intelligence that should allow him adequately to present his case at trial even without the assistance of counsel. Additionally, the Court's finding of plaintiff's probable ability to handle his case is buttressed by the straightforward and relatively simple nature of the legal and factual issues that will be presented at trial. Finally, the Court is unaware of any special reason why the appointment of counsel would be more likely to lead to a just determination in this litigation than it would in any other similar litigation.

Accordingly, upon consideration of the facts presented by this case and the factors noted by the Second Circuit in *Hodge*,[1] the Court holds in its discretion that plaintiff need not have counsel appointed to represent him.

SO ORDERED.

---

1. The *Hodge* Court also held that, in making the determination upon remand as to whether the plaintiff in that case should have counsel appointed for him, "the district court should also examine the records of Hodge's criminal trials to see if the issues litigated or evidence produced in those proceedings affect the substantiality of Hodge's civil rights claim." 802 F.2d at 62. *Hodge*, however, involved a claim that arresting officers had beaten plaintiff without cause, an allegation upon which the records of Hodge's criminal trial might shed some light. The instant case, on the other hand, arises from an incident occurring subsequent to plaintiff's incarceration and does not concern any issue that may have arisen during any pre-incarceration criminal proceedings. There is, therefore, no need for the Court to examine the records of pre-incarceration proceedings involving Jackson, although it should be noted that the Court has closely examined all papers submitted to the Court in connection with this pending civil action, including the deposition of plaintiff conducted on June 4, 1986.