**Randolph HINES, Plaintiff,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 87–1002 (AET).**

United States District Court, D. New Jersey.

Oct. 14, 1987.

Rebecca R. Pressman, Legal Aid Soc. of Mercer County, Trenton, N.J., for plaintiff.

Cornelia E. Dude, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

ANNE E. THOMPSON, District Judge.

This matter is before the court on defendant's motion to dismiss the complaint

for failure to state a claim upon which relief can be granted and for lack of jurisdiction. In October 1985, plaintiff filed applications for disability insurance benefits and SSI benefits under Titles II and XVI of the Social Security Act.

Plaintiff's claim was denied and on June 16, 1986 plaintiff filed a request for a hearing before an Administrative Law Judge ["ALJ"] pursuant to 20 C.F.R. §§ 404.909 and 416.1409. On August 12, 1986 plaintiff was notified that his requested hearing was scheduled for September 9, 1986. Plaintiff failed to appear or respond to a Notice to Show Cause for Failure to Appear, whereupon the ALJ dismissed the request for a hearing under 20 C.F.R. §§ 404.957 and 416.1457. Plaintiff then obtained counsel who requested Appeals Council review of the Order of dismissal, which was denied on January 14, 1987. Plaintiff then filed suit in this court, and defendant has moved to dismiss, contending plaintiff has failed to exhaust administrative remedies. Plaintiff alleges that his mental impairment prevented him from understanding the nature of the proceedings and pursuing his administrative remedies. He seeks remand to the defendant to assess the impact of this alleged impairment.

■ Judicial review of decisions by defendant under Titles II and XVI of the Social Security Act is governed by the standard set forth in Section 205(g) of the Act, which provides that an individual may seek review of "any final decision of the Secretary made after a hearing to which he was a party." 42 U.S.C. § 405(g). Generally, where there has been no final decision by the Secretary after a hearing because the claimant failed to exhaust administrative remedies, as occurred here, a court cannot review the disposition of the claim. *Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). However, the Supreme Court in *Sanders* did leave open possible redress for such claimants who can allege a deprivation of constitutional rights. *Id.* at 108–09, 97 S.Ct. at 1985–86.

A "colorable constitutional challenge" is presented where a claimant alleges that his mental impairment rendered him unable to understand or act upon notice of administrative remedies so as to give rise to a violation of his due process rights. *Parker v. Califano*, 644 F.2d 1199, 1202–03 (6th Cir.1981); *Penner v. Schweiker*, 701 F.2d 256, 257 (3d Cir.1983). In *Penner*, the Third Circuit considered the case of a claimant suffering from schizophrenia and depression whose request for a hearing was dismissed by the ALJ for being filed late. The Court found that the district court had jurisdiction to review the decision and remanded for consideration by the Secretary as to whether the mental incapacity of the claimant prevented him from understanding and pursuing his administrative remedies. *Id.* at 261.

■ This court finds that the instant case is governed by the Third Circuit's disposition of *Penner, supra*. Plaintiff alleges that due to his mental impairment, he was unable to comprehend and act upon the Notice of Hearing when he received it. Moreover, he states that he never even saw the Order to Show Cause. Plaintiff further alleges that he is unable to read and has memory problems.

Defendant asserts that this case should be compared to *Rosario v. Schweiker*, 550 F.Supp. 118 (E.D.N.Y.1982) in which that court found no constitutional issue presented where claimant failed to respond to a notice because she was unable to read English. This count does not find the *Rosario* decision persuasive in the circumstances presented by Mr. Hines. In *Rosario*, the claimant simply was not literate in English, apparently suffering from no mental impairment as such. Here, plaintiff contends that his mental impairment prevented him both from reading the notice in any language and understanding its import.

Defendant also argues that plaintiff did not suffer from any difficulty which could not have been readily remediable by having someone read the notice to him. Defendant points to the fact that plaintiff's application for benefits alleged only a "wrist and hand sprain" disability, not a mental

impairment. The fact that a possibly impaired claimant does not list a condition in an application, or even acknowledge such a debilitation, would not be conclusive that he is not so afflicted. *McShea v. Schweiker*, 700 F.2d 117, 119 (3d Cir.1983). This is especially true in the case of a claimant, unrepresented by counsel, who allegedly was unable to read the application form.

The court finds that plaintiff raises a colorable constitutional claim that he suffered from a mental incapacity which rendered the notice provided by the Secretary inadequate as a matter of due process. Therefore, consistent with *Penner, supra,* the court will deny defendant's motion to dismiss and remand the case to the Secretary. The court will enter its own order.

### ORDER

This matter having been opened to the court pursuant to Rule 78, FED.R.CIV.P., on a motion to dismiss filed by defendant and a cross-motion to remand to the Secretary of Health and Human Services filed by the plaintiff, and the court having considered the briefs both in support of and in opposition to the motion, and for good cause shown;

It is on this 13th day of October 1987,

ORDERED that defendant's motion to dismiss the complaint be and hereby is denied; it is further

ORDERED that plaintiff's motion be granted and this matter be remanded to defendant for a determination of whether plaintiff's mental impairment prevented him from understanding the nature of the proceedings and from pursuing his administrative remedies.