**Zebulon FERGUSON, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary, Department of Health and Human Services, Defendant.**

**No. C–C–86–349–M.**

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 23, 1989.

Jeffrey L. Bishop, Casey, Bishop, Alexander & Murphy, P.A., Charlotte, N.C., for plaintiff.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

Plaintiff Zebulon Ferguson alleges that the refusal of the Secretary of Health and Human Services to reopen Ferguson's prior unsuccessful applications filed in 1980 for disability insurance benefits ("DIB") and supplemental security income ("SSI") is a violation of the due process clause of the Fifth Amendment. Because the court concludes that plaintiff has demonstrated an entitlement to benefits based on his 1980 applications which the Secretary may not constitutionally ignore, the decision of the Secretary is REVERSED and REMANDED for an appropriate award.

### FACTS

Plaintiff filed his initial applications for DIB and SSI on May 24, 1977. These claims were initially denied on August 15, 1977, and were not pursued further.

Plaintiff filed his second applications for DIB and SSI on April 3, 1978. These claims were initially denied on or about June 1, 1978, and were not pursued further.

Plaintiff filed his third applications for DIB and SSI on May 21, 1980. Plaintiff alleged that he was disabled by schizophrenia and became unable to work sometime in March, 1979. These claims were initially denied on or about July 24, 1980, and were denied upon reconsideration on or about March 27, 1981. Plaintiff, proceeding *pro se,* failed to request a hearing on his May 21, 1980 applications within 60 days of their denial on March 27, 1981.

Plaintiff filed his current applications for DIB and SSI on December 13, 1984, more than four years after the initial determination of his 1980 applications. These applications were initially denied on or about March 1, 1985, and were denied upon reconsideration on April 22, 1985.

Plaintiff retained counsel for the first time on March 7, 1985, after the initial denial of his 1984 applications. After the denial upon reconsideration, plaintiff through counsel filed a timely request for a hearing on his claims.

The hearing was held on December 3, 1985, before Administrative Law Judge ("ALJ") Richard Harper. On November 11, 1985, prior to the hearing, plaintiff moved that:

[T]he Secretary ... provide further administrative review, including an evidentiary hearing, of the denials of his prior applications for disability and Supplemental Security income benefits on the grounds that the claimant failed to seek timely administrative review of these denials because of his mental incompetence. See *Shrader vs. Harris,* 631 F.2d. 297 (4th Cir.1980) and 20 CFR Section 404.911.

In a letter to the ALJ dated December 4, 1985, plaintiff's counsel again urged that the earlier applications be reopened and summarized the evidence from the hearing in support of that contention.

On December 12, 1985, the ALJ found that plaintiff had been disabled by chronic paranoid schizophrenia since April 1, 1979. However, the ALJ refused to award plaintiff retroactive benefits on the basis of his May 21, 1980, applications, holding that there is "no regulatory authority authorizing the reopening and revising of determinations based upon previous applications where initial determinations were issued more than four years prior to the filing of the current application." The ALJ also stated that plaintiff's counsel "did not argue that the failure to pay benefits on the basis of the earlier applications would violate the claimant's due process rights. *See Shrader v. Harris,* 631 F.2d 297 (4th Cir. 1980)."

Under 42 U.S.C. § 402(j)(1)(A) (1982), DIB benefits can be paid for no more than the twelve months preceding the application. Under 42 U.S.C. § 1382(c)(5) (1982), an application for SSI benefits cannot be effective prior to the date the application is filed. *See also* 20 C.F.R. § 416.335 (1988) ("you cannot be paid for any months before the month you filed an application"). Thus, the ALJ's refusal to reopen plaintiff's 1980 applications deprives plaintiff of most of the benefits to which he has been entitled since April 1, 1979.

Plaintiff through counsel filed a timely request for review of the ALJ's decision with the Social Security Appeals Council. Plaintiff argued to the Appeals Council that the failure to reopen his 1980 applications was a denial of due process.

On June 9, 1986, the Appeals Council filed an order dismissing plaintiff's request for review because under applicable regulations a refusal to reopen an application is an "administrative action" not subject to administrative review. Nevertheless, the Appeals Council also noted:

> [20 C.F.R.] Sections 404.988 and 416.1488 state in relevant part that a disability determination and supplemental security income determination can be reopened within one year of the date of the initial notice of the initial determination for any reason, within 4 years and 2 years, respectively, for good cause, and anytime only due to fraud or similar fault. Based on the available information the claimant filed his prior applications on May 21, 1980, and they were denied in initial determinations dated July 24, 1980. Thus, there would appear to be no basis to reopen the prior determinations since none of these requirements have been met.

On July 29, 1986, plaintiff filed this action, alleging that the Secretary's refusal to reopen his 1980 applications denied plaintiff property without due process of law. Plaintiff seeks an order requiring the Secretary to compute and pay DIB and SSI disability benefits on the basis of his May 21, 1980, applications.

## DISCUSSION

The Secretary argues that the court must dismiss this action for lack of subject matter jurisdiction, citing *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

In *Sanders,* the Supreme Court held that 42 U.S.C. §§ 405(g) and 405(h) do not confer jurisdiction on federal courts to review the Secretary's decision not to reopen a previously adjudicated claim for social security benefits. However, the *Sanders* court recognized one exception to its holding: "those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." *Id.* at 109, 97 S.Ct. at 986.

In *Shrader v. Harris,* 631 F.2d 297 (4th Cir.1980), the Court of Appeals recognized that a constitutional interest is implicated when a pro se claimant lacks the mental ability to pursue an appeal of an administrative denial. The Court of Appeals concluded that when a claimant afflicted by mental illness, whose initial claims were presented pro se and denied ex parte, presents prima facie proof of incompetency at the time of his previous application, the Secretary cannot automatically give res judicata effect to the previous finding of no disability without offending constitutional due process. Because the fact-finding process necessary to execute a court's constitutional decision is the province of the Secretary, *Shrader* requires the Secretary to conduct an evidentiary hearing to determine whether the claimant did in fact lack competence at the time of his previous application.

The ALJ did not apply the procedural bar of res judicata in determining plaintiff's current applications. If the ALJ had applied the doctrine of res judicata, he could not have found a disability onset date of April 1, 1979. Instead, the ALJ applied the Secretary's regulations, which create a four-year statute of limitations beyond which the Secretary's determinations are conclusively final. This is the entirely different concept of "administrative finality."

In two recent decisions by Judge K.K. Hall, the Fourth Circuit Court of Appeals has extended the holding in *Shrader* to apply to other procedural limitations such as administrative finality. *Young v. Bowen,* 858 F.2d 951 (4th Cir.1988); *Culbertson v. Secretary of Health & Human Services,* 859 F.2d 319 (4th Cir.1988). In *Young,* the Court held:

> It offends fundamental fairness ... to bind a claimant to an adverse ruling who lacks both the mental competency and the legal assistance necessary to contest the initial determination. This is the core of our decision in *Shrader* and it oper-

ates with equal force whether the Secretary relies upon res judicata or some other procedural limitation.

858 F.2d at 955.

In this case, as in *Culbertson*, it is "brutally evident that the Secretary has attempted ... to utilize administrative finality in precisely the same improper fashion that res judicata was asserted in *Shrader*—to deny a pro se mentally impaired claimant a full and fair opportunity to establish a statutory entitlement." 859 F.2d at 324. The ALJ found that plaintiff stopped work in March, 1979, and underwent seven hospitalizations due to mental illness between April 20, 1979, and April 29, 1981. The ALJ also found that from April 1, 1979, through the date of his decision, plaintiff has "on a fairly continuous basis exhibited delusions, hallucinations, emotional withdrawal, marked restriction of daily activities, marked difficulty maintaining social functioning and frequent dificiencies [sic] of concentration and persistence such that he has difficulty completing tasks in a timely manner." The ALJ recommended that "considering the nature and severity of the claimant's impairments," a representative payee be designated.

The court concludes that plaintiff established a prima facie case of incompetency at the time of the ex parte denial of his 1980 applications. "Ordinarily, a remand would be appropriate at this juncture to allow the Secretary to conduct the supplemental hearing required in *Shrader*...." *Young*, 858 F.2d at 955. However, in light of the facts already found by the Secretary, the court concludes that further proceedings are unnecessary. *Id.* (remand unnecessary in light of "long, convoluted history" of the case and "fully developed medical record"). *See also Culbertson*, 859 F.2d at 324–25 (remand not required). The facts set forth above and the other facts found by the ALJ clearly establish that plaintiff was not competent to contest the denial of his 1980 applications. Thus, the Secretary's refusal to reopen plaintiff's 1980 applications and pay him the benefits to which he is entitled is a violation of the due process clause of the Fifth Amendment.

An appropriate judgment will be entered.

## JUDGMENT

For the reasons set forth in a separate memorandum of decision,

IT IS ORDERED, ADJUDGED AND DECREED that the Secretary compute and pay plaintiff disability insurance benefits and Supplemental Security Income on the basis of his May 21, 1980, applications.