**Martin J. SAWMA, Plaintiff–Appellant,**

v.

**Cesar A. PERALES, as Commissioner of New York State Department of Social Services, Defendant–Appellee.**

**No. 366, Docket 89–7634.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 9, 1989.

Decided Feb. 1, 1990.

Martin J. Sawma, Niagara Falls, N.Y., pro se.

Patrick Barnett–Mulligan, Asst. Atty. Gen., Albany, N.Y. (Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Peter G. Crary, Asst. Atty. Gen., Albany, N.Y., of counsel), for Defendant–Appellee.

Before KAUFMAN and WINTER, Circuit Judges, and MOTLEY,* District Judge.

WINTER, Circuit Judge:

Plaintiff appeals from Judge Elfvin's decision dismissing his complaint brought under 42 U.S.C. § 1983. We affirm.

Plaintiff's claim arises out of the discontinuance of his public assistance benefits.

In November 1984, the New York State Department of Social Services ("NYSDSS") required Sawma, as a condition of receiving such benefits, to complete and submit a medical form regarding employability in a "Work Experience Program." Completion of the form requires a medical examination. Sawma refused to undergo such an examination on the ground that the examination concerned only his ability to perform menial physical labor for which he believes himself to be overqualified. In January 1985, the NYSDSS advised Sawma that his benefits would be discontinued effective January 31 for his willful failure to comply with the eligibility requirement of a medical exam. *See* N.Y.Soc.Servs.Law § 131(5)(g) (McKinney Supp.1990) (no assistance shall be given to an employable person who "refuses or willfully fails to report for scheduled counseling, testing, training or other appropriate job services"); *see also* 18 NYCRR § 385.14 (1987). Sawma requested a hearing, and his benefits were continued until the hearing in March 1985.

In findings issued after the hearing, the Administrative Law Judge ("ALJ") determined that Sawma's work history and his conduct at the hearing provided reasonable grounds to believe that Sawma is mentally disabled and presumptively unemployable. Because benefits may not be discontinued for a non-willful failure to comply with employment requirements, Sawma's benefits were ordered continued. The ALJ also ordered that Sawma be referred for a diagnostic psychiatric examination. *See* 18 NYCRR § 385.3 (1987). After another hearing, a second ALJ approved the discontinuance of benefits because of Sawma's willful failure to submit to an examination.

Sawma subsequently filed two actions in New York state court seeking an order to continue payment of benefits and a declaratory finding that the ALJ's characterization of him as mentally disabled constituted "libel *per se.*" Both state suits were dismissed. *See Sawma v. Perales,* 129 A.D.2d 976, 514 N.Y.S.2d 290, *leave to ap-*

---

* The Hon. Constance Baker Motley, United States District Judge for the Southern District of New York, sitting by designation.

*peal denied,* 70 N.Y.2d 610, 516 N.E.2d 1223, 522 N.Y.S.2d 110 (1987); *Sawma v. State,* 136 A.D.2d 965, 525 N.Y.S.2d 163, *leave to appeal denied,* 72 N.Y.2d 907, 532 N.Y.S.2d 753, 528 N.E.2d 1226 (1988).

Sawma then brought the present civil rights action *pro se.* Construed liberally, the complaint alleges that discontinuance of his public assistance benefits was a violation of his equal protection and due process rights because a psychiatric evaluation bears no rational relation to legitimate, employment-related welfare eligibility concerns. He does not claim that NYSDSS has failed to inform him of what he must do to have his benefits reinstated or to offer him assistance in getting the required psychiatric examination. Rather, he objects to the requirement itself. The district court dismissed the complaint for failure to state a claim upon which relief can be granted. Sawma appeals, and we affirm.

Even the most liberal construction of Sawma's papers indicates that there is no set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). As to Sawma's equal protection claim, the requirement of a diagnostic examination in no way involves a suspect category or impinges on a fundamental right. Moreover, a requirement of a medical examination as a condition of receiving benefits is self-evidently constitutional in view of the state's legitimate interest in allocating public assistance resources. *See Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981) (stating rational relation test for equal protection claims).

We also find no viable substantive due process claim here because the examination requirement does not impinge on a constitutionally protected fundamental interest and is rationally related to a legitimate state interest. *See Pineman v. Fallon,* 842 F.2d 598, 601 (2d Cir.) (noting rational relation standard for substantive due process claims involving property interests), *cert. denied,* —— U.S. ——, 109 S.Ct. 72, 102 L.Ed.2d 48 (1988).

Sawma's procedural due process claim also is untenable. His papers concede that he twice received notice and the opportunity to be heard before termination of his benefits. *See Goldberg v. Kelly,* 397 U.S. 254, 266, 90 S.Ct. 1011, 1019, 25 L.Ed.2d 287 (1970).

Because Sawma understands that NYSDSS is denying him benefits solely because he has refused to undergo a psychiatric examination, his case is distinguishable from *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981). In *Parker,* the claimant alleged that she did not receive meaningful notice and opportunity to be heard because she did not have the capacity to understand and comply with a notice of further administrative proceeding. *Cf. Hines v. Bowen,* 671 F.Supp. 10 (D.N.J. 1987) (colorable constitutional challenge is presented where *claimant* alleges that mental impairment rendered him unable to act upon notice of administrative remedies).

The sole question then is whether NYSDSS was constitutionally obligated to take further steps with regard to Sawma's application. We believe it was not. As stated, NYSDSS was authorized to deny disability benefits absent a psychiatric evaluation. Because Sawma was, and is, aware that further processing of his application for benefits is contingent upon the psychiatric evaluation, any further assistance by NYSDSS would require it to resort to legal compulsion against Sawma seeking to force him to undergo a psychiatric examination. We know of no authority for the proposition that a state is constitutionally obligated to compel a person seeking public benefits to undergo a psychiatric examination where the person declines to do so. Indeed, it is not entirely clear that a state may force someone to undergo an unwanted psychiatric examination even where the failure to do so will result in a loss of public benefits. *Cf. Wyman v. James,* 400 U.S. 309, 317–18, 324, 91 S.Ct. 381, 385–86, 389, 27 L.Ed.2d 408 (1971) (benefits may be contingent on applicant's consent to home visit, but visit will not be forced or compelled).

Affirmed.

MOTLEY, District Judge, dissenting:

I respectfully dissent. Unlike my colleagues, I believe the District Court's decision should be reversed in so far as it granted defendant's motion to dismiss the complaint for failure to state a claim pursuant to FRCP 12(b)(6). I also believe the case should be remanded with instructions to appoint counsel for Mr. Sawma and to grant leave to amend the complaint.

The issue is not whether Sawma may be forced to submit to a psychiatric examination. The issue is whether the benefits of a mentally impaired welfare recipient may be terminated for a non-willful refusal to comply with a welfare agency's directives and procedures. The Supreme Court, this Circuit and other circuits, as well as lower federal courts who have dealt with the issue, have decided several cases which make clear that the answer is plainly in the negative. *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); *Echevarria v. Secretary of Health and Human Services,* 685 F.2d 751 (2nd Cir.1982); *Penner v. Schweiker,* 701 F.2d 256 (3rd Cir. 1983); *Parker v. Califano,* 644 F.2d 1199, 1203 (6th Cir.1981); *Ferguson v. Sullivan,* 718 F.Supp. 1269 (W.D.N.C.1989); *Hines v. Bowen,* 671 F.Supp. 10 (D.N.J.1987).

## I. *Background Facts*

The record, briefs, and oral argument disclose [1] the following: On November 16, 1984 Martin Sawma was required by the New York State Department of Social Services (the NYDSS) to apply for a position as a substitute teacher under the "workfare" program in order to continue receiving public assistance benefits. Less than two weeks later, Mr. Sawma was asked by a workfare worker of NYDSS to complete and submit a County Medical Form. He refused to complete the form on the ground that it was not applicable to him because the form was designed to determine only fitness for physical labor, and he is a college graduate. On January 4, 1985 plaintiff received a notice informing him

---

1. Only defendant appellee was represented by counsel on oral argument. Plaintiff-appellant

that as of January 31st his public assistance benefits would be discontinued because of his willful failure to comply with the workfare eligibility requirements regarding medical documentation (the County Medical Form).

Pursuant to plaintiff's January request, a hearing was held March 8th, at which the NYDSS apparently claimed that the plaintiff could not be considered a college graduate for workfare purposes because his college degree could not be verified by a school transcript.

On April 15th the Administrative Law Judge (ALJ) issued a decision in which he made reference to the fact that plaintiff had a degree. The ALJ also found that because *there was evidence that plaintiff was mentally disabled, his failure to comply with the requirement that he complete the medical form was not willful.*

The ALJ then directed the local social services office to refer plaintiff for a diagnostic psychiatric examination, pursuant to 18 NYCRR Section 385.4, as a presumptively unemployable person and directed him to apply for Supplemental Social Security Income benefits as a mentally disabled person. Defendant contends that plaintiff refused to undergo a psychiatric examination and, therefore, his benefits were discontinued. None of the foregoing facts appears to be in dispute.

## II. *Discussion*

A) Counsel Should Be Appointed Because The Complaint and The Record Disclose That There Is A Meritorious Claim of Denial of Procedural Due Process

Plaintiff's thirty five page complaint which is a model of prolixity, incomprehensibility, and unartfulness, when "liberally" construed, does state a claim of denial of procedural due process. *Goldberg,* supra. He states that his financial benefit was terminated because defendant believed him to be mentally incapacitated.

submitted an incomprehensible brief.

A district judge may appoint counsel for indigent claimants in civil cases pursuant to 28 U.S.C. Section 1915(d). District judges have broad discretion in deciding whether to appoint counsel pursuant to this authority. *Hodge v. Police Officers*, 802 F.2d 58 (2nd Cir.1986); *Cooper v. Sargenti*, 877 F.2d 170 (2nd Cir.1989). This Circuit has recently ruled on the standards to be applied by a district judge in deciding whether to appoint counsel. It has ruled that the factors cited in *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981) (per curiam) are appropriate for the trial court to consider in exercising its discretion to appoint counsel pursuant to 28 U.S.C. Section 1915(d). *Hodge* at 60. Such factors include, but are not limited to, (1) proper consideration of the merits of the indigent's claim; (2) consideration of the nature of the factual issues the claim presents; (3) consideration of the plaintiff's apparent ability to present the case; and (4) the complexity of the legal issues presented. *Hodge* at 61.

> In deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge* at 61.

In the instant case, the court below could not have properly considered the merits of Mr. Sawma's claim of denial of procedural due process without appointment of counsel, further inquiry as to Sawma's mental state and an amended complaint. The basic facts set forth above do not appear to be in dispute. What is in dispute is whether Sawma received procedural due process before his benefits were terminated in view of his mental condition and pro se status.

The ALJ also referred to plaintiff's conduct before the agency.

Given Mr. Sawma's complaint, which the lower court deemed "lengthy and not well-drafted", *Sawma v. Perales*, Civ–88–171E, 1989 WL 56242 (Memorandum and Order, United States District Court for the Western District of New York, May 25, 1989, at 1), it is manifestly questionable whether Mr. Sawma was able to handle his own case competently before the welfare agency or the court below.

Moreover, the legal issues presented by Mr. Sawma's Section 1983 claim are not patently frivolous. Mr. Sawma, who appears to have a mental disability and who was unrepresented before the welfare agency by a lawyer or counsel substitute, is being cut off from a financial benefit, clearly implicating procedural due process issues complex enough for lawyers, let alone laymen. *Goldberg*, supra.

A pro se complaint must be construed liberally and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). It is the responsibility of the district court in the first instance to determine whether, taking the alleged facts to be true, a claim is stated under 42 U.S.C. Section 1983. *Frazier v. Coughlin*, 850 F.2d 129 (2nd Cir. 1988).

Although the lower court's opinion accuses the plaintiff of making only conclusory allegations with regard to his Section 1983 claim, it appears that the lower court has given little consideration to the fact that plaintiff may be mentally incapacitated, is *pro se* and not a lawyer. It also appears that the court below looked beyond the four corners of the complaint in making its decision because of plaintiff's inability to articulate his claim.

Even though plaintiff's complaint failed to make a short and plain statement of his claim, the District Court should not have dismissed this pro se complaint without appointing counsel, and granting plaintiff a realistic opportunity to remedy deficiencies

in his pleading. *Elliot v. Bronson*, 872 F.2d 20 (2nd Cir.1989). Using the *Maclin* standards, the District Court should have appointed counsel for Mr. Sawma.

B) Since Plaintiff's Claim May Be Meritorious Due Process Demands That He Be Given Every Reasonable Opportunity To Demonstrate His Claim's Validity

There is no evidence in the record that NYDSS, in view of Sawma's recognized mental impairment, ever took any steps to assist Mr. Sawma in completing the forms required by the NYDSS or some other public agency to ensure that he would continue to receive benefit payments, to assist him in appearing for psychiatric examination or by seeking state court appointment of a committee or guardian to make the application for him when Sawma went to state court. A pro se litigant should be afforded every reasonable opportunity to demonstrate that he has a valid claim. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2nd Cir. 1984). It appears, as the ALJ found, that Mr. Sawma has a mental incapacity which prevents him from complying with agency directives, *Penner*, supra; therefore, he has a meritorious constitutional claim of violation of procedural due process. *See Ferguson*, supra (where the court found it was a denial of due process not to reopen Social Security income benefits applications to pay claimant the benefits to which he was entitled where the claimant had been incompetent at the time of the ex parte denials of his applications); *Hines*, supra (where claimant suffered from mental incapacity which rendered notice provided by the Secretary inadequate as a matter of due process).

Again, the presiding ALJ found that there is evidence that Mr. Sawma is mentally disabled, and hence, his failure to comply with the requirement that he fill out a medical form was not willful. The lower court acknowledges this fact, yet failed to recognize the possibility that plaintiff's procedural due process rights may have been violated by plaintiff's own inability to represent himself competently because of a mental disability. Without further inquiry, mental examination and assistance of counsel, it is not possible to know whether plaintiff's procedural due process rights have been violated.

This type of contention seems peculiarly apropos in the context of Social Security disability benefit proceedings in which, as here, the very disability that forms all or part of the basis for which the claimant seeks benefits may deprive [him] of the ability to understand *or act upon* notice of available administrative procedures. [emphasis added]

*Parker*, supra at 1203.

The instant applicant for disability payments did not receive a fair and adequate hearing before the NYDSS because of a significant gap in the record as to his true mental condition. *Echevarria*, supra. "The ALJ has a special duty to protect the rights of a *pro se* claimant" and to develop a full record. *Lopez v. Sec. of HHS*, 728 F.2d 148, 149 (2nd Cir.1984); *See Echevarria*, supra at 755; *Hankerson v. Harris*, 636 F.2d 893, 895 (2nd Cir.1980). In a case such as Mr. Sawma's, where the claimant was unrepresented by counsel in proceedings before the ALJ, the hearing examiner has a heightened duty to scrupulously and conscientiously probe into and explore all the relevant facts surrounding the alleged right or privilege. *Gold v. Secretary of HEW*, 463 F.2d 38 (2nd Cir.1972); *Mimms v. Heckler*, 750 F.2d 180 (2nd Cir.1984).

The Secretary is not obligated to furnish a claimant with counsel, but the ALJ has a special duty to protect the rights of a *pro se* claimant ... When the ALJ fails to develop the record fully, he does not fulfill this duty and the claimant is deprived of a fair hearing.

*Lopez* at 149.

For the foregoing reasons, I dissent. The lower court's dismissal should be reversed, and the case remanded with directions to the District Court to appoint counsel with leave to amend.