Luis VELASQUEZ, Plaintiff,

v.

John P. O'KEEFE, et al., Defendants.

No. 93–CV–1449.

United States District Court,
N.D. New York.

Oct. 16, 1995.

Luis Velasquez, Great Meadow Correctional Facility, Comstock, NY, Pro Se.

Office of the Attorney General, Department of Law, Deirdre Roney, Asst. Atty. Gen., Albany, NY, for Defendants.

### MEMORANDUM–DECISION
### And ORDER

McAVOY, Chief Judge.

## I. BACKGROUND

Plaintiff Luis Velasquez, a *pro se* state prison inmate, commenced this action by fil-

ing a complaint on November 17, 1993. Plaintiff raises five causes of action pursuant to 42 U.S.C. § 1983 against **defendants John P. O'Keefe and Peter L. Tschirky,** corrections officers at the Ulster Correctional Facility in Napanoch, New York, where plaintiff was incarcerated, **Charles Lochrow,** deputy superintendent for security at Ulster, **and James Walsh,** superintendent of the facility. Plaintiff alleges that, as a result of an April 7, 1993, incident at Ulster, (1) he was the victim of excessive force; (2) he received inadequate medical care; (3) his access to the courts was impeded; (4) defendant O'Keefe issued him a false misbehavior report; and (5) defendant Lochrow failed to call witnesses plaintiff had requested at a hearing on the misbehavior report.

This matter was referred by this Court to the Hon. Ralph W. Smith, Jr., United States Magistrate Judge, for a report and recommendation pursuant to a Standing Order dated August 2, 1985. Both plaintiff and defendants have raised objections to the Report–Recommendation issued by Judge Smith on June 7, 1995, which details the factual background of plaintiff's claims. As a result, the Court will review the record *de novo.* Plaintiff also has moved for a fourth time for the appointment of counsel pursuant to 28 U.S.C. § 1915(d).

## II. DISCUSSION

After examining the record, the Court adopts the Report–Recommendation for the reasons stated therein with the following additions.

### A. SUPERVISORY LIABILITY

■ Plaintiff is correct that "a defendant who occupies a supervisory position may be found personally involved in the deprivation of a plaintiff's constitutionally protected liberty interests in several ways." *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994). First, the supervisor may have failed to remedy the wrong after learning of the violation through a report or appeal. Second, the supervisor may be liable for creating or continuing a policy or custom under which unconstitutional practices occurred. Third, the supervisor may have been grossly negligent in managing subordinates who caused the unlawful condition or event. *Id.; Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986). Finally, supervisory liability may be imposed "where an official demonstrates 'gross negligence' or 'deliberate indifference' to the constitutional rights of inmates by failing to act on information indicating that unconstitutional practices are taking place." *Wright,* 21 F.3d at 501.

■ However, consistent with the Report–Recommendation, plaintiff has failed to allege specifically any action by defendant Walsh that would fall into any of these supervisory liability categories. Defendant does argue that Walsh was personally involved in the incident of April 7, 1993, as required under Section 1983. *See Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991). But because he has failed to allege exactly how Walsh was involved, defendant appears to rely on what would be better characterized as a theory of *respondeat superior.* As a result, the Court finds that the Complaint should be dismissed as against defendant Walsh. *Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989).

### B. EXCESSIVE FORCE

■ The Court notes defendants' reference to the *Hudson* case, where the Supreme Court ruled that "extent of the injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary.'" *Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). However, defendants essentially argue that the extent of plaintiff's injuries should be the *only* factor considered here. From defendants' perspective, because plaintiff's apparent injuries were slight, even *de minimis,* the officers could not have used excessive force as a matter of law. The Court finds that such an interpretation conflicts with the proper standard, because "[it] would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson,* 503 U.S. at 9, 112 S.Ct. at 1000. The Report–Recommendation was correct to deny summary judgment for defendants on this issue.

## C. APPOINTMENT OF COUNSEL

■ In deciding whether to appoint counsel, a court should first determine whether the indigent's position seems likely to be of substance. *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir.1990). If the claim meets this threshold requirement, the court then should consider a number of other factors. Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination. ·

*Id.* None of these factors are controlling in any given situation, however, so each case must be decided on its own facts. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986).

■ The Court believes that the only remaining dispute in this case—whether defendants assaulted plaintiff—is not overly complex. Moreover, the record indicates that plaintiff has an ability to learn and implement legal arguments. While it is possible that there will be conflicting evidence requiring cross-examination at the trial of this matter, this factor alone is not determinative of a motion for appointment of counsel. *See Jackson v. Francis*, 646 F.Supp. 171, 172 (E.D.N.Y.1986). Many pro se litigants have handled similar Section 1983 claims with considerable proficiency, and the Court finds no indication that plaintiff will be unable to do so here. As a result, plaintiff's motion for appointment of counsel must be denied.

## III. CONCLUSION

For all the foregoing reasons, summary judgment is GRANTED in favor of defendants, except in regard to plaintiff's claim of excessive force and assault. Plaintiff's motion for appointment of counsel is DENIED without prejudice to renew at some future time if circumstances so warrant.

**IT IS SO ORDERED.**