Ronald DAVIDSON, Plaintiff,

v.

Thomas A. COUGHLIN III, Daniel Senkowski, Robert McClellan, Deputy Superintendent, Wendell Babbie, and John Andrus, Defendants.

No. 88–CV–0646.

United States District Court,
N.D. New York.

March 19, 1996.

Ronald Davidson, Auburn Correctional Facility, Auburn, NY, Pro Se.

Office of the Attorney General, Department of Law, Albany, NY (Sue H.R. Alder, Asst. Atty. Gen., of counsel), for Defendants Coughlin, Senkowski, McClellan, and Babbie.

Lewis, Rogers Law Firm, Plattsburgh, NY (Mark J. Rogers, of counsel), for Defendant Andrus.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff Ronald Davidson, a *pro se* state prison inmate, commenced this action by filing a complaint on January 6, 1992. Plaintiff raises three causes of action pursuant to 42 U.S.C. § 1983 against defendant Thomas A. Coughlin III, former Commissioner of the New York State Department of Corrections, and defendants Daniel Senkowski, Robert McClellan, Wendell Babbie, and John Andrus, officials at Auburn Correctional Facility ("Auburn"). Plaintiff alleges that defendants (1) failed to provide him with a smoke-free environment at Auburn in violation of New York state law; (2) provided inadequate cold weather clothing; (3) did nothing to correct the tainted prison water supply; and (4) allowed bird droppings to contaminate his

cell when the birds entered the area through unrepaired broken windows. Defendants' failure to remedy these poor conditions constituted, in plaintiff's view, deliberate indifference to his health amounting to cruel and unusual punishment in violation of the Eighth Amendment.

Presently before the Court is plaintiff's motion for partial summary judgment on his smoke and clothing claims pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Defendant Andrus opposes this motion and has cross moved for summary judgment in full pursuant to Rule 56(c). The remaining defendants also oppose the motion and have cross moved pursuant to Rules 12(b)(1) and 56(b) of the Federal Rules of Civil Procedure for an order dismissing the Complaint for lack of subject matter jurisdiction and granting summary judgment as a matter of law on the ground that they are entitled to qualified immunity. Because the parties to the latter cross motion have included supporting affidavits and other documents presented to and not excluded by the court, this motion will be treated as a single motion for summary judgment.

## II. DISCUSSION

### A. STANDARD OF REVIEW

The motions were referred by this Court to the Hon. Daniel Scanlon, Jr., United States Magistrate Judge, for a report and recommendation pursuant to a Standing Order of the Court dated November 12, 1986. Petitioner has raised objections to the Report–Recommendation issued by Judge Scanlon on December 29, 1995, which generally suggested that the Court grant defendants' motions such that only plaintiff's second cause of action against defendants Coughlin, Senkowski, McClellan, and Babbie should remain. Because dispositive motions were referred to a magistrate judge for a report and recommendation and objections have been filed, the Court "shall make a *de novo* determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). After performing such review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The

[Court] may also receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

After examining the record, the Court adopts the Report–Recommendation for the reasons stated therein with the following additions.

### B. EIGHTH AMENDMENT VIOLATIONS

■ The Eighth Amendment represents a general constitutional prohibition against cruel and unusual punishment. Moreover, "[t]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). A claim alleging that prison conditions are in violation of the Eighth Amendment must satisfy both an objective and subjective requirement: the conditions complained of must be "sufficiently serious" from an objective standpoint, and the plaintiff must demonstrate that prison officials subjectively acted with "deliberate indifference." *Wilson v. Seiter,* 501 U.S. 294, 298 & 297, 111 S.Ct. 2321, 2324 & 2323, 115 L.Ed.2d 271 (1991). The required inquiry with regard to deliberate indifference is whether "the official knows of and disregards an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn and must also draw that inference." *Farmer v. Brennan,* — U.S. ——, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

#### 1. Second–Hand Smoke

■ Plaintiff has failed to satisfy the *Wilson* two-prong test with regard to his first cause of action alleging that the defendants failed to provide him with a smoke-free environment in violation of New York state law. In *Helling* the Supreme Court held that a plaintiff may satisfy the objective prong of *Wilson* by showing that "he himself is being exposed to unreasonably high levels of ETS [environmental tobacco smoke]" and that the "risk of which he complains is not one that today's society chooses to tolerate." *Helling,*

509 U.S. at 36, 113 S.Ct. at 2482. Plaintiff here has failed to meet this standard. Whereas plaintiff in *Helling* had been housed in a cell with an inmate who smoked five packs of cigarettes per day, plaintiff in this case was housed in his own individual cell and has not demonstrated exposure to levels of ETS comparable to those in *Helling*. As Judge Scanlon states in the Report–Recommendation, "... the plaintiff has not demonstrated what the level of smoke in the facility was or whether that degree of exposure would have been enough to cause or aggravate a current or future serious illness." (Report–Recommendation at 6.)

In his first cause of action plaintiff also alleges that exposure to smoke aggravated his existing allergies. However, the Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), that "deliberate indifference to serious medical needs of prisoners" constitutes "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *Id.* at 104, 97 S.Ct. at 291. Plaintiff in this case has failed to submit any evidence in support of his medical condition, which he nevertheless claims is well documented by DOCS. Plaintiff's bare allegation is insufficient to survive summary judgement.

 If a plaintiff fails to satisfy one prong of the *Wilson* test "... the court may give judgement ... without taking further evidence." *Helling*, 509 U.S. at 36, 113 S.Ct. at 2482. The Court would like to note, however, that plaintiff also has failed to satisfy the second prong of the test. With regard to the subjective factor, the *Helling* court held that the "adoption of a smoking policy will bear heavily on the inquiry of deliberate indifference." *Id.* Defendants here have implemented a smoking policy in compliance with the Clean Air Act, similar to the prison officials in *Helling*, so the Court does not believe that plaintiff could reasonably prove that defendants acted with deliberate indifference.[1]

### 2. Inadequate Winter Clothing

 Plaintiff has satisfied both the objective and subjective prongs of the test with regard to his second cause of action alleging inadequate winter clothing. The Supreme Court has held that "denying prisoners one of life's necessities" is a violation of the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Furthermore, "[a]dequate clothing is one of the necessities of life which prison officials can not deprive an inmate." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D.Iowa), *aff'd*, 973 F.2d 686 (8th Cir.1992). Thus providing prisoners with clothing that is "patently insufficient to protect them from cold winter months" is a violation of the Constitution. *Balla v. Idaho St. Bd. of Corrections*, 595 F.Supp. 1558, 1575 (D.Idaho 1984).

 Plaintiff alleges that the clothing distributed by the Clinton Facility is insufficient to protect plaintiff from the winter elements in upstate New York. Plaintiff points to DOCS Directive # 3081 submitted by defendants, which delineates the winter clothing provided to prisoners. Specifically, plaintiff alleges that the defendants fail to provide prisoners with "winter underwear, winter boots or galoshes, sweaters, gloves, scarves, wool socks, rain coats or winter coats ... hooded coats or hooded sweatshirts and long sleeve shirts." Instead, some of the winter items listed above are available for purchase only. While defendants have asserted that plaintiff was provided clothing mandated by DOCS Directive # 3081, they have not clearly demonstrated how the clothing issued is sufficiently suitable for the harsh winter climate of upstate New York. Thus plaintiff has raised a material issue of fact on whether the clothing he was provided was objectively sufficient.

 With regard to the second element of the *Wilson* test, defendants argue that they were not "deliberately indifferent" as demonstrated by the fact that they fol-

---

1. While plaintiff alleges that the policy is not being adequately administered, the *Helling* Court suggested that improper administration of smoking policies, while relevant, would not be dispositive of whether the subjective prong is satisfied.

Rather the Court stated that inquiry into "this factor would be an appropriate vehicle to consider arguments regarding the realities of prison administration." *Helling*, at 37, 113 S.Ct. at 2482.

**310**

lowed the DOCS directive. The Court notes, however, that the test for "deliberate indifference" elaborated upon by the Supreme Court is not necessarily addressed by whether an official followed a DOCS directive. Rather, the proper inquiry is whether "the official knows of and disregards an excessive risk to inmate safety; the official must both be aware of facts from which the inference could be drawn and must also draw that inference." *Farmer,* ⸺ U.S. at ⸺, 114 S.Ct. at 1979. Whether the defendants meet this standard is a material question of fact about which a genuine issue exists. Consequently, summary judgment on this count cannot be granted to either plaintiff or defendants Senkowski, McClellan, or Babbie.

 Summary judgment may be granted, however, for defendants Coughlin and Andrus. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 1983." *McKinnon v. Patterson,* 568 F.2d 930, 936 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978). In *Young v. Kihl,* 720 F.Supp. 22 (W.D.N.Y.1989), the court stated that

> [p]ersonal involvement of a supervisory official may . . . include a failure to remedy the wrong after having learned of [it] with the caveat that the wrong must have been ongoing or otherwise have been capable of mitigation at the time of the supervisory official was appraised thereof . . . Without such caveat, the personal involvement doctrine may effectively and improperly be transformed into one of *respondeat superior.*

*Id.* at 23. The record does not support a determination that defendant Coughlin had direct knowledge either of the DOCS directive issued by the Deputy Commissioner or of the possibility that plaintiff's Constitutional rights were being violated. Moreover, with regard to defendant Andrus, plaintiff admits in his Affidavit in Opposition to that defendant Andrus had "no involvement" in the clothing issue.

### 3. Tainted Water Supply and Bird Droppings

Plaintiff has failed to meet the two-pronged *Wilson* test as to Parts A and B of

his third cause of action. Consequently, the Court adopts the Report–Recommendation with regard to Parts A and B of the third cause of action for the reasons stated therein.

### C. QUALIFIED IMMUNITY

 Government officials performing discretionary functions are entitled to qualified immunity ". . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (citing *Procunier v. Navarette,* 434 U.S. 555, 565, 98 S.Ct. 855, 861, 55 L.Ed.2d 24 (1978)). Qualified immunity "permits 'insubstantial lawsuits [to] be quickly terminated" and reduces ". . . the expenses of litigation, the diversion of official energy from pressing public issues and the deterrence of able citizens from acceptance of public office." *Harlow,* 457 U.S. at 814, 102 S.Ct. at 2736. If, however, as in the instant case, facts material to the issue of qualified immunity are in dispute, qualified immunity cannot be determined as a matter of law until the factual issues are resolved at trial. *DiMarco v. Rome Hosp.,* 952 F.2d 661, 666 (2d Cir.1992).

 The Supreme Court has elaborated on *Harlow* and held that a government official "may [not] be held personally liable for money damages if a reasonable officer would could have believed that the search comported with the Fourth Amendment." *Anderson v. Creighton,* 483 U.S. 635, 636–38, 107 S.Ct. 3034, 3037–38, 97 L.Ed.2d 523 (1987). While the instant case involves the Eighth Amendment, the standard to be applied is the same. The appropriate inquiry is whether a reasonable state officer could have believed that providing only the clothing mandated by DOCS Directive # 3081 was a violation of the Eighth Amendment. As discussed above, plaintiff has raised a material question of fact with regard to the adequacy of winter clothing provided; since this fact is material to the determination of qualified immunity summary judgment cannot be granted on qualified immunity grounds.

## D. APPOINTMENT OF COUNSEL

 While plaintiff's claim appears to be of substance, meeting the threshold requirement for appointment of counsel set forth in *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir.1990), the Court holds that plaintiff still is not entitled to such appointment. In deciding whether to appoint counsel a court should consider a number of factors, including:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Id.* None of these factors are controlling, however, and each case should be decided on its own facts. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir.1986).

In the instant case, the only remaining issue—whether or not the "winter clothing" provided by the defendants was adequate—is not overly complex. Furthermore, the record indicates that plaintiff has the ability to learn and implement legal arguments. While there may be conflicting evidence requiring cross-examination at trial, this factor alone is not determinative of a motion to appoint counsel. *See Jackson v. Francis*, 646 F.Supp. 171, 172 (E.D.N.Y.1986). Many *pro se* litigants have handled similar Section 1983 claims with considerable proficiency, and the Court finds no indication that plaintiff will be unable to do so here. The analysis here is similar to that performed by the Court recently in *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y.1995). As a result, plaintiff's motion for appointment of counsel must be denied.

## E. CLASS ACTION CERTIFICATION

 Plaintiff does not meet the requirements for class action set forth in Rule 23 of the Federal Rules of Civil Procedure, which requires at a minimum that

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a)(4). Plaintiff in the instant case is *pro se* and unable to adequately represent the class. Consequently, class action certification is denied at this time.

## III. CONCLUSION

For all the foregoing reasons, summary judgment is hereby GRANTED in favor of the defendants on the first and third cause of action. With regard to the second cause of action summary judgment is GRANTED in favor of Defendants Coughlin and Andrus. However, summary judgment is hereby DENIED as to the other defendants on the second cause of action because a material issue exists with regard to whether the clothing provided to the plaintiff was adequate. Plaintiff's motions for appointment of counsel and class certification are DENIED without prejudice to renew at some future time if circumstances so warrant.

**IT IS SO ORDERED.**