**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EVA SILVA,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

      Defendant-Appellee.

No. 14-1097
(D.C. No. 1:12-CV-02712-CMA)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Silva applied for social security disability benefits in 1993, claiming she was unable to work because of pain in her back, head, right wrist, and right leg. After the Commissioner found her not disabled, she filed suit. The federal district court reversed and remanded because the Commissioner's decision was not supported by substantial evidence.

On remand, an administrative law judge conducted a hearing and again found that Ms. Silva was not disabled. The agency mailed a notice to Ms. Silva and her attorney in November 2004, explaining that the decision was final and that Ms. Silva had sixty days to file a civil action. But Ms. Silva did not seek judicial review. Instead, in 2006, she filed another disability benefits application. The Commissioner denied the application on the basis of res judicata. Ms. Silva unsuccessfully sought judicial review and then appealed to this court.

Before us, Ms. Silva argues that the application of res judicata was flawed because the "implications of [Social Security Ruling (SSR)] 91-5[p]" were not considered. Aplt. Opening Br. at 10. That ruling provides that res judicata does not arise from a prior administrative decision if the claimant sought in writing to extend the period for filing a request for review and provided "good cause for missing the deadline." SSR 91-5p, 1991 WL 208067, at *1 (July 1, 1991). But Ms. Silva did not seek to extend the filing period. Thus, SSR 91-5p is not an impediment to the application of res judicata.

Alternatively, Ms. Silva raises a due-process challenge to the Commissioner's November 2004 notice. To prevail on a procedural due-process theory in the social-security context, the claimant "must demonstrate that the adjudication was infected by some prejudicial, fundamentally unfair element." *Mays v. Colvin*, 739 F.3d 569, 573 (10th Cir. 2014) (internal quotation marks omitted). In an effort to meet this standard, Ms. Silva points out that the notice was in English, without translation to her native Spanish, and that the notice was addressed to the wrong post-office box for her attorney. But in the district court Ms. Silva argued only that she was denied due process because the notice was in English. Thus, the question whether her attorney received the notice was not preserved for our review. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). Neither do we discern a due-process violation from the fact that the notice was in English. "Notice in the English language to social security claimants residing in the United States is reasonably calculated to apprise individuals of the proceedings." *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983) (internal quotation marks omitted). Indeed, Ms. Silva's "inability to understand the notice was readily remediable by obtaining an accurate translation at her Social Security office." *Rosario v. Schweiker*, 550 F. Supp. 118, 120 (E.D.N.Y. 1982). Further, it appears Ms. Silva did receive assistance from her daughter on this score. *See* Aplt. App. 2, Vol. I at 89.

The judgment of the district court is affirmed.  Ms. Silva's motion to proceed in forma pauperis is granted.

Entered for the Court


Neil M. Gorsuch
Circuit Judge